MICHAEL SURACE, an Infant, by ROSARIO SURACE, His Guardian ad Litem, Plaintiff, v. ELMER C. IDE, Defendant.

Supreme Court, Cayuga County, December 31, 1927.

**Motor vehicles — evidence — action for negligence arising from injuries suffered by eleven-year old infant plaintiff when struck by defendant's automobile — evidence as to conversation between witness and plaintiff's playmate on trip to hospital admissible — whether plaintiff was called upon to make reply was for jury — if child was sui juris he was chargeable with negligence in running in front of approaching automobile.**

In this action for negligence arising from injuries suffered by plaintiff, an infant of eleven years, when struck by defendant's automobile, evidence as to a conversation defendant's wife had with plaintiff's playmate on the trip to the hospital as to how the child came to be in the road, was admissible, and whether plaintiff, who was conscious on the trip, was called upon to make a reply and whether it was admissible, in the event plaintiff was found to be *sui juris*, were properly submitted to the jury.

If the child was *sui juris*, he was chargeable with negligence in running in front of the approaching automobile when he stated he looked twice and was in a position, when he looked, to have seen the vehicle approaching.

MOTION by plaintiff for new trial under section 549 of the Civil Practice Act.

*Frank S. Coburn,* for the plaintiff.

*Nathan Abelson,* for the defendant.

RIPPEY, J. There is only one exception that has been called to the court's attention that raises any serious question upon this motion. The accident happened on October 24, 1926, at about

dusk on one of the streets in the city of Auburn, N. Y. Defendant was driving his automobile southerly along North Division street and as he approached a bridge in that street which crosses a creek, he struck the plaintiff who was about eleven years of age. The evidence was undisputed that the view of the plaintiff was clear for a distance of 528 feet and that there was nothing to interfere with his view of the approaching automobile. Plaintiff testified that he stopped to wait behind a pole taking one step out into the street when he hesitated and looked to the left in the direction from which the automobile was approaching and saw nothing and then took another step into the street and again looked to the left and saw nothing and he thereupon started across the street going a few feet when he was struck by the car. The court charged at length upon the question as to whether the boy was *sui juris* or *non sui juris* at the time and charged the jury that if the boy was *sui juris* he was guilty of contributory negligence as a matter of law and their verdict must be for the defendant. The court also charged that if he was *non sui juris* no negligence could be chargeable against him. The evidence established that the plaintiff was with a younger brother at the time of the accident. When the boy was knocked down, defendant stopped his car and picked the plaintiff up and placed him in the arms of defendant's wife. They thereupon took the younger boy in the car and he stood between the defendant and his wife while they were proceeding to the hospital. The evidence established that both boys were talking during the trip and at no time was the plaintiff unconscious. When the defendant called Mrs. Ide to the stand he asked her as to the conversation which she had with the boys during this trip. She testified that the plaintiff said nothing as to how the accident happened but she asked the other boy how the accident happened and he said in substance that he and his brother were playing tag in the street at the time and that the little boy had run across the street to get away from his younger brother who was standing behind the pole. This evidence was objected to and received over the exception of plaintiff.

It cannot be held as a matter of law that the testimony was inadmissible and when the case was submitted to the jury the court charged explicitly upon the consideration that the jury might give to the testimony. In connection with the charge on the subject of the boy being *sui juris* or *non sui juris* there was no exception. The court further charged as follows: " There was some testimony admitted from one witness to the effect that the brother of the plaintiff made a statement as to how they happened to be in the street on the occasion of the accident; the testimony being generally

to the effect that the little boy said that they were playing tag in the street at the time and that the older boy had run across the street trying to get out of sight of the little boy who was standing behind the pole. You will recollect specifically what the testimony was. The testimony is that this statement was made while the older boy was being carried to the hospital in the arms of defendant's wife. That testimony cannot be deemed by you as an admission or a statement of the plaintiff in this case by virtue of his silence or for any other reason, unless he knew what the little boy was talking about and fully realized that if he kept his mouth shut under those circumstances it would constitute an admission. The reason why the testimony was admitted in this case was because the court could not determine, as matter of law, whether the older boy knew what was going on when he was being carried to the hospital in the arms of the defendant's wife. If you find that he did not fully realize and appreciate what was going on, that he was under no obligation to dispute that statement, if that statement was made, then you will not consider that as an admission on his part of any negligence."

There was no error in the admission of this testimony and whether plaintiff was required to make a reply and whether it was an admission in the event that the boy was found to be *sui juris* was properly submitted to the jury. (*Stecher Lithographic Co.* v. *Inman*, 175 N. Y. 124; *People* v. *Kennedy*, 164 id. 449; *State* v. *Epstein*, 25 R. I. 131; *Commonwealth* v. *Sliney*, 126 Mass. 49; *Kelley* v. *People*, 55 N. Y. 565; 1 Greenl. Ev. [16th ed.] § 197.)

Without regard to this alleged admission of negligence, if the boy was *sui juris*, he was chargeable with negligence for running in front of the approaching car for he said that he looked twice and he was in a position when he looked to have seen the car approaching over a space of at least 528 feet before he was struck. It cannot be said that the verdict was contrary to or against the weight of the evidence and the motion should be denied.

So ordered.